IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADEMOLA COLE, | ) | 4:15CV3044 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| NEBRASKA DEPARTMENT OF | ) | |
| CORRECTIONAL SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |

This matter is before the court on preliminary review of Petitioner Ademola Cole's ("Cole" or "Petitioner") Petition for Writ of Habeas Corpus (Filing No. 1) filed on April 16, 2015. Cole set forth in his habeas corpus petition that he was convicted of first degree sexual assault and third degree sexual assault of a child, and he was sentenced to 15 to 25 years' imprisonment on May 15, 2012. It appears from the face of the habeas corpus petition that Cole's claims may be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d)(1). In order to ensure a just and fair resolution of this matter, the court will enter an order progressing this matter to final resolution.

IT IS THEREFORE ORDERED that:

1.     The clerk's office is directed to mail a copy of this Memorandum and Order and the habeas corpus petition to the Nebraska Attorney General by regular first-class mail.

2.     By **August 24, 2015**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk's office is directed to set a pro se case management deadline in this case using the following text: **August 24, 2015**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3.      If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A.      The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B.      The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C.      Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.      No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

2

E.      No later than 30 days after Petitioner's brief is filed,  Respondent must file and serve a reply brief.  In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

F.      If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment.  **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

4.      If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

A.      By **August 24, 2015,** Respondent must file all state court records that are relevant to the cognizable claims.  *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*.  Those records must be contained in a separate filing entitled: "Designation of  State Court Records in Support of Answer."

B.      No later than 30 days after the relevant state court records are filed, Respondent must file an answer.  The answer must be accompanied by a separate brief, submitted at the time the answer is filed.  Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of

3

Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

C.  Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the designated record that are cited in Respondent's brief. In the event that the designation of state court records is deemed insufficient by Petitioner, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D.  No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

E.  No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

4

F.     The clerk's office is directed to set a pro se case management deadline in this case using the following text: **September 21, 2015**: check for Respondent's answer and separate brief.

5.     No discovery shall be undertaken without leave of the court.  *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

DATED this 10th day of July, 2015.

BY THE COURT:


s/ Joseph F. Bataillon
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites.  The court accepts no responsibility for the availability or functionality of any hyperlink.  Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.