IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| ADEMOLA COLE, | ) | 4:15CV3044 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NEBRASKA DEPARTMENT OF | ) | **MEMORANDUM** |
| CORRECTIONAL SERVICES, | ) | **AND ORDER** |
| | ) | |
| Respondent. | ) | |
| | ) | |

This matter is before the court on Respondent's unopposed Motion for Summary Judgment ([Filing No. 9](#)). Respondent argues Petitioner's Petition for Writ of Habeas Corpus ([Filing No. 1](#)) must be dismissed because it is barred by the limitations period set forth in 28 U.S.C. § 2244(d). For the reasons discussed below, the court agrees.

## I. BACKGROUND

On March 2, 2012, Petitioner was convicted of two counts of first degree sexual assault, both Class II felonies, and one count of third degree sexual assault of a child, a Class IIIA felony. ([Filing No. 10-1 at CM/ECF pp. 1-2, 9](#).) On May 15, 2012, the state court sentenced Petitioner to 4 to 8 years and 8 to 12 years imprisonment for the first degree sexual assaults, and 3 to 5 years imprisonment for third degree sexual assault of a child. ([Filing No. 10-1 at CM/ECF pp. 1-2, 8](#).) The court ordered the sentences to run consecutively. (*[Id](#)*.)

On June 14, 2012, Petitioner appealed his convictions and sentences to the Nebraska Court of Appeals. ([Filing No. 10-1 at CM/ECF p. 8](#).) The Court of Appeals affirmed the district court's judgment on March 6, 2013. ([Filing No. 10-2 at CM/ECF](#)

p. 2.) Petitioner subsequently filed a Petition for Further Review with the Nebraska Supreme Court, which was denied on April 17, 2013. (*Id*.)

Petitioner did not file a motion for post-conviction relief in state district court. (Filing No. 10-1 at CM/ECF p. 6.)

Petitioner filed his Petition for Writ of Habeas Corpus (Filing No. 1) on April 16, 2015. Thereafter, Respondent moved for summary judgment (Filing No. 9), arguing the petition is barred by the statute of limitations. Petitioner did not respond to the motion, and the time in which to do so has long passed. This matter is fully submitted for disposition.

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 110 Stat. 1214, establishes a one-year limitations period for state prisoners to file for federal habeas relief that runs from the latest of four specified dates. 28 U.S.C. § 2244(d)(1). This case concerns only the first date listed in § 2244(d)(1): "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A). "The statute of limitations is tolled while state post-conviction or other collateral review is pending." *King v. Hobbs*, 666 F.3d 1132, 1135 (8th Cir. 2012).

Here, it is undisputed that Petitioner filed his habeas corpus petition well-after the one-year limitations period expired. He did not seek post-conviction relief so there is no basis for statutory tolling of the statute of limitations. Petitioner did not argue he is entitled to equitable tolling of the limitations period or that he is excused from the procedural bar of the statute of limitations under the miscarriage of justice exception. For these reasons, the court finds that Petitioner's habeas corpus petition is untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.

## III.  CERTIFICATE OF APPEALABILITY

A petitioner cannot appeal an adverse ruling on his petition for writ of habeas corpus under § 2254 unless he is granted a certificate of appealability. [28 U.S.C. § 2253(c)(1)](); [Fed. R. App. P. 22(b)(1)](). A certificate of appealability cannot be granted unless the petitioner "has made a substantial showing of the denial of a constitutional right." [28 U.S.C. § 2253(c)(2)](). To make such a showing, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." [*Slack v. Daniel*, 529 U.S. 473, 484 (2000)]().

In this case, Petitioner has failed to make a substantial showing of the denial of a constitutional right. The court is not persuaded that the issues raised in the petition are debatable among reasonable jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings. Accordingly, the court will not issue a certificate of appealability in this case.

IT IS THEREFORE ORDERED that:

1.  Respondent's Motion for Summary Judgment ([Filing No. 9]()) is granted. The Petition for Writ of Habeas Corpus ([Filing No. 1]()) is dismissed with prejudice.

2.  The court will enter judgment by separate order.

3.  The court will not issue a certificate of appealability in this matter.

DATED this 3rd day of March, 2016.

BY THE COURT:

s/ *Richard G. Kopf*
Senior United States District Judge